# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

UNITED STATES OF AMERICA,

     v.

JERMAINE TYRONE FULLER,

     Defendant.

CR 218-050-6

## ORDER

Before the Court is Defendant Jermaine Fuller's motion for reconsideration of this Court's Order denying his motion for compassionate release. Dkt. No. 910. Therein, Fuller asserts the Court erred by relying exclusively on his criminal history and risk of danger to society to deny his motion for compassionate release.

First, Fuller argues he is in fact no longer a danger to society. The Court concluded otherwise in its motion based upon his significant criminal history, his unlawful behavior at issue in this case, and his failure to learn from his mistakes. Fuller next argues that his offense of conviction was non-violent, but the Court notes that some of his past convictions, i.e. violence against a woman and violence against law enforcement, did involve violence.

Finally, Fuller argues the Court erred by relying exclusively on its conclusion that he would be a danger to the community when denying his motion for compassionate release.  Dkt. No. 910 at 2 (citing Sixth Circuit cases <u>United States v. Sherwood</u>, <u>United States v. Elias</u>, and <u>United States v. Hampton</u>).  Fuller's assertion is inaccurate, and his reliance on language within Sixth Circuit cases is misplaced.

When addressing a compassionate release motion, a district court may "reduce an inmate's sentence if the court finds that 'extraordinary and compelling reasons' warrant a reduction; that a reduction is 'consistent with applicable policy statements issued by the Sentencing Commission' set forth in U.S.S.G. § 1B1.13; and that the § 3553(a) factors, to the extent they apply, support a reduction."  <u>United States v. Sherwood</u>, No. 20-4085, 2021 WL 345405, at *1 (6th Cir. Feb. 2, 2021) (quoting U.S.S.G. § 1B1.13(2) and <u>United States v. Ruffin</u>, 978 F.3d 1000, 1005 (6th Cir. 2020)).  "Following enactment of the First Step Act, district courts addressing defendant-filed motions for release may now 'skip step two of the [18 U.S.C.] § 3582(c)(1)(A) inquiry,'" i.e. the policy statement's requirement that the defendant not be a danger to the community, "meaning they need not consider § 1B1.13 when ruling on [motions for compassionate release.]" <u>Id.</u> (quoting <u>United States v. Hampton</u>, 985 F.3d 530, 532 (6th Cir. 2021)).  "A district court, in other words, may deny a defendant-filed motion

only when it finds either that no extraordinary and compelling reasons exist or that the § 3553(a) factors weigh against release." Id.

In Sherwood, the Sixth Circuit reversed and remanded a two-line district court order denying compassionate release based exclusively on § 1B1.13(2)'s requirement that the defendant not be a danger to society. Id. The district court's order in Sherwood is not analogous to this Court's Order denying Fuller's motion for compassionate release. First, this Court concluded that Fuller *had* met his burden to show extraordinary and compelling reasons for release. However, the Court went on to explore the § 3553(a) factors and concluded that they weighed in favor of denying release. Those factors, to the extent they are applicable, require the Court to consider the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need for the sentence imposed to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences available; the kinds of sentence and relevant established sentencing range; the pertinent policy statements; the

need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense.

In its Order denying Fuller's motion for compassionate release, unlike in Sherwood, the Court addressed the applicable § 3553(a) factors and did not rely exclusively on its conclusion that Fuller is a danger to society in order to deny his motion:

> The factors contained in 18 U.S.C. § 3553(a) weigh in favor of Defendant serving the sentence imposed. In the underlying case, Defendant purchased, possessed, and distributed various controlled substances. The presentence investigation report attributed him with a total "converted drug weight" of 1,584.85 kilograms. Defendant pleaded guilty to a lesser-included offense of conspiracy to possess with intent to distribute, and to distribute, 280 grams or more of cocaine base, fifty grams or more of methamphetamine, and five kilograms or more of cocaine. Defendant's advisory guidelines range was 130 to 162 months' imprisonment. The Court sentenced Defendant toward the lower end of the guidelines at 137 months' imprisonment. Currently, Defendant's projected release date is October 5, 2028, meaning he has well over seven years left to serve. If Defendant were released now, he will have served well below his guidelines range. Moreover, Defendant's criminal history is concerning. He has at least one conviction for forgery, one for violence against a woman, four for giving false information to law enforcement, two for possession of cocaine, one for violence against law enforcement, two for fleeing or attempting to elude law enforcement, one for possession of a firearm by a convicted felon, and one for abandonment of his three-year-old daughter. It appears his past criminal activity did not deter him from committing another offense. The Court concludes that granting Defendant compassionate release at this juncture would not reflect the seriousness of his crime, promote respect for the law, provide just punishment for the offense, nor afford general or specific deterrence for similar offenses.

4

Dkt. No. 900.

The Court **AFFIRMS** its denial of Fuller's motion for compassionate release and **DENIES** his motion for reconsideration. Dkt. No. 910.

**SO ORDERED,** this 19 day of February, 2021.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA